IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NUE CHEER FRANKLIN, *et al.*, ) | |
| ) | |
|    Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:09-cv-109-MHT |
| ) | |
| GARDEN STATE LIFE ) | |
| INSURANCE, *et al.*, ) | |
|    Defendant. ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 14, filed March 3, 2009). Pending before the Court are Plaintiffs' *Motion for Leave to Amend Plaintiff's Amended Complaint* (Doc. 19, filed March 9, 2009) and *Plaintiff's Motion to Strike Defendant's Response to Order to Show Cause Why Leave Should Not Be Granted to Amend Plaintiff's Amended Complaint* (Doc. 24, filed April 24, 2009). For good cause, it is the recommendation of the Magistrate Judge to grant the motion for leave to amend, but dismiss Nue Cheer Franklin as Administratrix of The Estate of Elnoria Franklin and deny Plaintiff's Motion to Strike.

### I. PARTIES AND COMPLAINT

Plaintiff, Nue Cheer Franklin ("Franklin" or "Plaintiff"), is a resident of Montgomery, Alabama, which is within the Middle District of Alabama. She seeks to bring suit on behalf

of herself and as the administratrix of the Estate of Elnoria Franklin ("the Estate").[1] Defendants are Garden State Life Insurance and American National Insurance Company (collectively "Defendants").

On October 20, 2008, Franklin initiated this action by filing a Complaint in the District Court of Montgomery County, Alabama. *See* Doc. 1. The Complaint avers Defendants failed to pay out the life insurance benefits upon the death of Elnoria Franklin. *Id*. Franklin sought damages in the amount of $10,000 plus interest and costs. *Id*. On January 26, 2009, Franklin filed an Amended Complaint amending the damages sought. *Id.* Plaintiff now seeks compensatory and punitive damages in the sum of $510,000.00. *Id*. The higher damages claim caused the case to exceed the monetary jurisdiction of the District Court, therefore the case was transferred to the Circuit Court. *Id*. Defendants timely removed this action to federal court on February 11, 2009. *Id*.; *see also* Doc. 9, "Amendment to Notice of Removal." The Court then ordered Franklin to show cause why the claims on behalf of the Estate should not be dismissed for lack of representation. *See* Doc. 15. Franklin filed her response on March 9, 2009 wherein she responds that she will remove the Estate as a plaintiff and instead bring suit on her own behalf and as the Administratrix of the Estate of Elnoria Franklin. *See* Doc. 18. Concurrent with her response, Franklin files her motion for leave to amend the Amended Complaint wherein she seeks to do just that. *See* Doc. 19.

---

[1] Currently the Plaintiffs are Franklin and "The Estate of Elnoria Franklin." As explained below, Franklin now seeks to amend her complaint to change the Plaintiffs.

Defendants respond that communications with the Montgomery County Probate Court establish that Franklin has not been appointed the Administratrix nor is there is an estate opened for Elnoria Franklin. *See* Doc. 23. Since there is no estate, Franklin lacks standing to bring suit on behalf of the Estate. *Id.* Defendants further assert that Alabama law does not allow Franklin to represent the Estate *pro se* as it would constitute the unauthorized practice of law. *Id.*

Franklin files a motion to strike Defendants' response wherein she notes that whether or not an estate has been opened is not relevant so long as it is opened within the time permitted under Alabama law. *See* Doc. 24. She also states she has begun the probate process. *Id.* Defendants responded to the motion to strike wherein they reiterate their previous assertions that there is no evidence before the Court that Franklin has been officially appointed the Administratrix of the Estate nor can Franklin proceed *pro se* on behalf of the Estate. *See* Doc. 27. The issues are now ripe for review by this Court.

## II. DISCUSSION AND ANALYSIS

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). Further, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262

(11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[2]

Despite Franklin's conclusory statements that she is the administratrix of Elnoria Franklin's Estate, she presents no evidence of the probate process nor does she establish that the Probate Court has appointed her as the *official* administratrix of the estate. Therefore, at this time, Franklin has no standing to bring suit on behalf of the Estate and the claims are due dismissal.[3]

### III. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1) Plaintiffs' *Motion for Leave to Amend Plaintiff's Amended Complaint* (Doc. 19) be **GRANTED**;

(2) The claims brought on behalf of the Nue Franklin as Administratrix of Elnoria Franklin be **DISMISSED without prejudice**;

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] Based on the above finding, the Court need not address the issue whether Franklin may proceed *pro se* on behalf of the Estate. However, the Court will note that this is a diversity case. Therefore the Court must apply Alabama substantive law and federal procedural law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The matter of whether a party may proceed *pro se* appears to be procedural in nature and therefore it seems federal authority - not Alabama law - would control.

(3) *Plaintiff's Motion to Strike Defendant's Response to Order to Show Cause Why Leave Should Not Be Granted to Amend Plaintiff's Amended Complaint* (Doc. 24) be **DENIED**;

(4) This case be referred back to the Magistrate Judge for additional proceedings.

**IT IS FURTHER ORDERED** that the parties file any objections to this *Recommendation* on or before **May 20, 2009.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 7th of May, 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE