IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NUE CHEER FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-cv-109-MHT |
| | ) | |
| GARDEN STATE LIFE | ) | |
| INSURANCE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 14, filed March 3, 2009).  Pending before the Court are *Defendant American National Insurance Company's Motion to Dismiss* (Doc. 54, filed June 12, 2009), Plaintiff's *Motion for Extension of Time* (Doc. 57, filed June 19, 2009), and *Defendant American National Insurance Company's Motion to Dismiss Plaintiff's Second Amended Complaint* (Doc. 62, filed June 29, 2009).  For good cause, it is the recommendation of the Magistrate Judge to deny the motions to dismiss and grant the motion for extension of time.

## I. PARTIES AND COMPLAINT

Plaintiff, Nue Cheer Franklin ("Franklin" or "Plaintiff"), is a resident of Montgomery, Alabama, which is within the Middle District of Alabama.  Defendants are Garden State Life

Insurance ("Garden State") and American National Insurance Company ("ANICO"). ANICO is the defendant relevant to the pending motions.

On October 20, 2008, Franklin initiated this action by filing a Complaint in the District Court of Montgomery County, Alabama.  *See* Doc. 1.  The Complaint avers Defendants failed to pay out the life insurance benefits upon the death of Elnoria Franklin. *Id*.  Franklin is the sole beneficiary of the policy proceeds.  *Id*.  Franklin sought damages in the amount of $10,000 plus interest and costs.  *Id*.  On January 26, 2009, Franklin filed an Amended Complaint amending the damages sought.  *Id*. Plaintiff now seeks compensatory and punitive damages in the sum of $510,000.00. *Id*.  The higher damages claim caused the case to exceed the monetary jurisdiction of the District Court, therefore the case was transferred to the Circuit Court.  *Id*.  Defendants timely removed this action to federal court on February 11, 2009.  *Id*.; *see also* Doc. 9, "Amendment to Notice of Removal."

On June 12, 2009, ANICO filed a motion to dismiss under FED. R. CIV. P. 12(b)(4) and 12(b)(5).  *See* Doc. 54.  Specifically ANICO asserts that Plaintiff failed to properly serve ANICO under Fed. R. Civ. P. 4(m) within 120 days from the date of removal.  *Id*. Specifically, ANICO states the Summons accompanying the Original Complaint was only directed to Garden State.  *Id*.  ANICO further asserts it has never been properly served.  *Id*.

On June 19, 2009, Franklin filed a motion to deny the motion to dismiss which the Court construed as a response to the original motion to dismiss.  *See* Doc. 57.  She also included a  motion for an extension of time in the event she had not properly served ANICO.

*Id*.  In her pleading, Franklin states she was led to believe that both defendants were served as they responded to the action.  *Id*.  She also says ANICO waived its right to the defenses because they filed an answer.  *Id*.

ANICO filed its reply on June 29, 2009.  *See* Doc. 63.  In the reply, ANICO reiterates its previous assertions and also disputes that it waived its service and process defenses.  *Id*.  ANICO also avers Franklin was put on notice of the defect in the service of process when it filed its answer and amended answer.  *Id*.  ANICO also filed a second motion to dismiss since Plaintiff's Amended Complaint was docketed after the original motion to dismiss was filed.[1]  *See* Doc. 62.  ANICO's second motion to dismiss also reiterates the original motion to dismiss and requests the amended complaint against ANICO be dismissed under Rules 12(b)(4)-(5).  *Id*.  Since the motion is simply a brief restatement of the original motion, the Court determined it could simply address both motions together.  The motions have been fully briefed and are ripe for this Court's review.

## II.  JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1332 (diversity).  The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

---

[1]       On March 9, 2009 Franklin file da motion for leave to amend her complaint.  *See* Doc. 19.  On June 16, 2009, concurrent with the Opinion dismissing claims of Nue Cheer Franklin as administratrix of the estate, the Court granted the motion to amend the complaint. *See* Doc. 55.  Therefore, the Amended Complaint attached to the motion for leave was not docketed until June 16, 2009.  *See* Doc. 60.

### III.   FAILURE TO PROPERLY SERVE

Rule 4(m) of the Federal Rules of Civil Procedure requires that a plaintiff serve a summons and complaint to all defendants within 120 days after the complaint is filed. FED. R. CIV. P. 4(m).  Specifically it states:

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*  Thus, failure to effect service within 120 days of filing the complaint mandates dismissal of those who have not been properly served unless an extension is given. *Id.; see also Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (When a plaintiff fails to perfect service of process within the 120-day period, the court may dismiss the action or grant an extension of time to serve process for either "good cause" or another sufficient ground.).  A defendant may object to service by filing a motion to dismiss pursuant to Rule 12(b)(4) (challenging sufficiency of process) or Rule 12(b)(5) (challenging sufficiency of service).

### IV.  DISCUSSION AND ANALYSIS

Franklin, in her response, says she thought she had served both defendants and further asserts ANICO has waived its service of process claims.  However, a review of the pleadings shows that ANICO pled insufficient service and insufficient service of process in its initial responsive pleadings.  *See* Docs. 3, 11.  Therefore, defendant has not waived its right to

assert these defenses. *See Melton v. Wiley*, 262 Fed. Appx. 921, 923 n.5 (11th Cir. 2008).

Franklin's failure to perfect service within 120 days after filing the complaint exposes it to dismissal without prejudice. FED. R. CIV. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Absent good cause, the Court may, but need not, allow additional time. *Horenkamp*, 402 F.3d at 1132 (Rule 4(m) "grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause."); *accord Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281-82 (11th Cir. 2007); *see also Henderson v. United States*, 517 U.S. 654, 662-63, 116 S.Ct. 1638, 1643, 134 L.Ed.2d 880 (1996) (discussing the 1993 amendments to the Federal Rules of Civil Procedure and the expansion of the Court's discretion to enlarge the 120-day period even absent good cause.).[2]

Here, despite Franklin's statements to the contrary, the record shows that she did not properly effectuate service on ANICO within the 120 day window provided by Rule 4(m). However, the Court deems it appropriate to exercise its discretion to extend Plaintiff's time for service. The Court cannot say that Plaintiff has shown good cause for failing to perfect service on ANICO within 120 days of filing the lawsuit; however, even in the absence of good cause, this Court has the discretion to extend the time for service.

While Franklin did not accomplish service of process on this  defendant within the

---

[2]     It is worth noting that prior to the 1993 amendments to Rule 4(m) the law of this Circuit, which was predicated on the prior version of the rule, was different than the rule as set forth in *Horenkamp. Id.* at 1131-32 & n. 2.

time provided by Rule 4(m), it is clear that ANICO was aware of the lawsuit despite the fact it was not properly served and though it has not been actively participating in discovery, as the parent company of Garden State - also represented by the same counsel - it would have received any discovery provided by Franklin, so it is not at a disadvantage.  ANICO requests the claims against it be dismissed <u>with prejudice</u>, but Eleventh Circuit precedent clearly dictates that the failure to perfect service on a defendant merits dismissal <u>without prejudice</u>. *See Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1339-41 (11th Cir. 2005) (failure to perfect service on defendant does not justify dismissal with prejudice.).  "[D]ismissal with prejudice is a drastic sanction that may be imposed only upon finding a clear pattern of delay or willful contempt and that lesser sanctions would not suffice."  *Id*. at 1340 (citations omitted); *see also Francies v. Brandon*, 287 Fed. Appx. 68, (11th Cir. 2008) (quoting *Betty K Agencies*, 432 F.3d at 1337-38 ("a dismissal *with prejudice*, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed only when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'").  There is nothing before this Court that shows Franklin's failure to perfect service is a willful contempt for court rules.  *See id*.  Quite to the contrary, Franklin has thus far complied with all orders as far as this Court is aware.  Franklin's negligence in service is not so egregious as to warrant dismissal with prejudice.  As such, any dismissal of Franklin's claims against ANICO would be without prejudice.

Next, even if the Court dismisses without prejudice the claims against ANICO, the claims would still remain against Garden State.  Since Plaintiff's claims relating to the insurance policy arose in February 2008, her claims would not yet be time-barred against ANICO.  Therefore, Franklin could simply re-institute her claims against ANICO either by instituting a separate proceeding against ANICO which would lead to two parallel suits regarding the same dispute <u>or</u> by amending her current complaint if the Court permitted her to do so.[3]  Either way, ANICO would likely be drawn back into the dispute.  Therefore, the Court is willing to grant her motion for extension and give Franklin another chance to properly serve Defendant ANICO.[4]

### V. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1)    Plaintiff's *Motion for Extension of Time* (Doc. 57) be **GRANTED**.

(2)    Plaintiff be ordered to properly effectuate service on Defendant ANICO within 30 days.

(3)    *Defendant American National Insurance Company's Motion to Dismiss* (Doc.

---

[3]    The Court notes that the deadline for Plaintiff to amend her complaint was on June 5, 2009 and therefore any request to amend the pleadings would require approval by the Court.

[4]    In her response, Franklin states she has sent a "Request for Waiver of Service" to AINCO's registered agent.  Given the fact, ANICO filed a motion to dismiss for service related issues, it is unlikely that ANICO will accede to the request.  Therefore, should the District Court adopt this Report and Recommendation, Plaintiff will be required to properly serve ANICO under FED. R. CIV. P. 4 and the request for waiver of service will not substitute for proper service absent approval by the defendant.

54) be **DENIED** without prejudice.

(4)     *Defendant American National Insurance Company's Motion to Dismiss Plaintiff's Second Amended Complaint* (Doc. 62) be **DENIED** without prejudice.

(5)     This case be referred back to the Magistrate Judge for additional proceedings.

**IT IS FURTHER ORDERED** that the parties file any objections to this *Recommendation* on or before **July 14, 2009.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 1st of July 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE